## COLE v. HERITAGE.

4-7271                                                          178 S. W. 2d 61

Opinion delivered February 28, 1944.

*DeWitt M. Hones* and *W. W. Bandy,* for appellant.

*H. R. Partlow,* for appellee.

GRIFFIN SMITH, Chief Justice. James Arthur, nearly four years of age, is the son of Norman Cole. The soldier-father died April 27, 1943, while serving in Alaska. The child's mother was killed in an automobile accident in Greene County (this State) in November, 1942. Husband and wife were divorced. Their matrimonial course had been characterized by incompatibility and frequent separations.

Norman was the youngest of Maggie Cole's six children. Before entering the army he lived with his mother,

who is 57 years of age. Her husband had been dead five years. Norman's government insurance of $5,000 was payable to Maggie Cole. There is testimony from which an inference might arise that Norman, following his wife's death, intended to provide for the child, but did not do so. Indeed, the only testimony of a substantial nature indicating paternal interest is that the father contributed $10 to his son's support.

James Heritage, 68 years of age, and his wife, Ivy, (who is 62) are James Arthur's maternal grandparents. The child was born in their home while Norman and his wife were temporarily separated.

The controversy resulting in this appeal culminated when Maggie Cole, paternal grandmother, sought custody of the boy through *habeas corpus*.

The appellant asks us to find that the Chancellor erred in refusing to require appellees to deliver James Arthur to her. Insistence is that appellant, who owns considerable property, is better able to rear the child, educate him, and supply the necessities of life. Appellees farm. They own stock and limited equipment, but no land.

It is conceded that the three grandparents are intelligent, highly respectable people, who are deeply concerned with the child's welfare. But, says appellant, James and Ivy Heritage are advanced in years; they have other responsibilities, and are not physically and financially able to discharge obligations so willingly assumed. Appellees reply that for almost four years James Arthur has been with them; that bonds of blood and association are deeper and more enduring than prospective financial betterment, and that separation would be alike tragic for them and the subject of solicitude.

This was the view taken by the Chancellor. He was right. Mrs. Cole says, in effect, that from her material abundance—a sufficiency as contrasted with appellees' worldly possessions—she will help James Arthur, irrespective of custody. This willingness to be of assist-

ance is commendable, and if unselfishly exercised would answer the charge that appellees are not financially able to meet their obligation.

Affirmed.